UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-01052-DSF-SHK | Date: | September 4, 2024 |

Title:  *Melinda Eichberg v. Martin J. O'Malley, Comm'r of Soc. Sec'y*[1]

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   FINAL ORDER TO SHOW CAUSE**

     On August 28, 2024, counsel for Plaintiff Melinda Eichberg ("Counsel" and "Plaintiff") filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion").  Electronic Case Filing Number ("ECF No.") 24, Mot.  The following day, the Court ordered Plaintiff to show cause ("OSC"), by September 12, 2024, why the Motion should not be denied for violating the Local Civil Rules for the United States District Court for the Central District of California ("Local Rules" or "L.R.") in at least the following **two** ways.  ECF No. 25, OSC.

     First, Plaintiff failed to lodge a proposed order with the Motion.  See L.R. 7-20 ("A separate proposed order shall be lodged with any motion or application requiring an order of the Court, pursuant to L.R. 52-4.1.  Unless exempted from electronic filing pursuant to L.R. 5-4.2, each proposed order shall comply with L.R. 5-4.4."); see also L.R. 52-4.1 ("A separate proposed order shall be submitted with any stipulation, application, motion, or request of the parties requiring an order of the court . . . as provided in L.R. 5-4.4."); L.R. 5-4.4.1 ("When a proposed order or other proposed document accompanies an electronic filing, the proposed order or other

---

[1] Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Nancy A. Berryhill as the Defendant in this suit.  See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

proposed document shall be in PDF format and included, as an attachment, with the main electronically filed document.").

Second, Counsel failed to certify that Counsel met and conferred with opposing counsel before filing the Motion.  <u>See</u> L.R. 7-3 ("[C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution.  The conference must take place <u>at least 7 days prior to the filing of the motion</u>." (emphasis added).  "If the parties are unable to reach a resolution[,] . . . counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'").

On September 1, 2024, Counsel responded to the OSC ("Response") and asserted that Local Rule 7.3 "does not apply to this [M]otion, as Defendant . . . is not a party to the [M]otion and has no standing to negotiate for or settle fees between [P]laintiff and [P]laintiff[']s attorney, who is the real-party-in-interest."  ECF No. 26, Response at 1-2.  Counsel, however, provided no discussion regarding Counsel's violation of Local Rule 7-20 for failing to lodge a proposed order with the Motion.

Here, Counsel has satisfied the OSC with respect to Counsel not meeting and conferring with Defendant before filing the Motion.  As such, the Court **VACATES** the OSC in that regard.  Counsel, however, was also ordered to lodge a proposed order to gain compliance with Local Rule 7-20 and Counsel has failed to do so or to provide any reasoning why Counsel is exempt from Local Rule 7-20.  <u>See</u> ECF No. 25, OSC at 1 (the Court indicating that "Plaintiff failed to lodge a proposed order with the Motion" in violation of Local Rule 7-20); <u>see also id.</u> at 2 (the Court indicating that "Plaintiff can satisfy th[e OSC] by: . . . (2) filing a proposed order . . . .").

Consequently, because Counsel has not lodged a proposed order in further violation of the OSC and Local Rule 7-20, Counsel is ordered to show cause, one final time, by **September 17, 2024**, why the Motion should not be denied.  Counsel can satisfy this order by lodging a proposed order by the date noted above.  **Counsel is warned again that failure to timely satisfy this order <u>will</u> result in the Motion being denied for Counsel's repeated failure to follow Court orders and the Local Rules.**

    **IT IS SO ORDERED.**